Ruffin, C. J.
 

 This cause was heard a year ago, as reported in 7 Ired. Eq. 78, and has been reheard on the petition of the defendants W. Ricks, and B. Ricks, the infant wards of D. A. T. Ricks, who for their benefit took the bond for $2413 28, which is mentioned in the pleadings. After bestowing much attention on the arguments against the former declaration, and reconsidering the whole matter, the opinion of the Court is, that the decretal order must stand. The description in the deed of the note, on which the supposed debt arose, is so very special in many par
 
 *83
 
 ticulars, as not to admit of our disregarding that particular note and applying the fund, in its stead, to another not answering the description in any one particular, except that each note is said to be executed by Redman Bunn, as principal. But it is argued, that the'debt is correctly described as a debt to John Ricks, and it is imputed as the error of the decree, that it confounds the debt with the security for it, as if they were the same. The truth is, that in this case they are the same. There was no existing debt to John Ricks. One had been owing to him, it is true : but he was dead, and the bond to him had been cancelled and a new one taken by the guardian of his infant children, payable to himself, and with a different set of sureties.— There is, moreover, no description of this debt, otherwise than by the description of the security for it. The deed begins, indeed, by saying that the maker, Redman Bunn, was indebted to divers persons herein after named, and is desirous of securing the payment of said debts,” and then “ it directs the application of the trust funcj,” in the first place, to the payment of whatever amount may be due Rosa Ann Pitman from the said Redman as her guardian, amounting to between eleven and twelve thousand dollars, and to a note to John Ricks for about twenty three hundred and fifty dollars, now in possession of D. A. T. Ricksj given several years since, to which Bennett Bunn, B. D. Battle, and Robert Ricks are sureties,” The debt to Miss Pitman is described by the manner in which it arose and without any allusion to the security for it. But the one in question is not in any manner described, but by the security. When, therefore, it is said, that the deed proposes to be
 
 “
 
 to secure the payment of debts,” it must be asked, what debts, and to whom due ? The answer is given by the deed, that they are debts to divers persons
 
 “
 
 hereinafter named/’ and that one of them is described as a debt on “a
 
 *84
 
 note to John Ricks,” with such and such sureties. It is clear then, that, according to the deed, both the debt and the note were payable to John Ricks, while the fact is, that neither the debt nor the note, claimed by these parties, was thus payable. In fine, the description happens, by mistake, to be inaccurate, and so entirely inaccurate, that it cannot by any reasonable construction be made to embrace the demand due to these parties : and it is therefore a misfortune, to which they must submit.
 

 Per Curiam. Petition to rehear dismissed.